UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marsha A. Messina,

    Plaintiff,

    v.                                     Case No. 1:12cv95

Commissioner of Social Security             Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's January 29, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed.  (Doc. 13).[1]

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.  Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ properly weighed the opinions of her treating physicians; (2) the Magistrate Judge found that the ALJ properly found that Plaintiff's testimony was not fully credible; and (3) the Magistrate Judge found that the ALJ properly considered the combined effect of Plaintiff's impairments.

    A.    <u>**Treating physician**</u>

Plaintiff argues that the ALJ failed to properly weigh the opinions of her treating

---

[1] The Court notes that the introductory paragraph of the R&R inadvertently refers to Plaintiff as "George Craig."  (Doc. 13, at 1).

physicians.  Plaintiff also argues that the ALJ failed to comply with 20 C.F.R. § 404.1527(d)(2), which provides: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

However, as the Magistrate Judge pointed out, the records of Drs. Simons and Wunder contain treatment notes only, and do not contain medical opinions, which are defined as "statements from physicians and psychologists . . . that reflect judgment about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).

Therefore, Plaintiff's objections on this issue are OVERRULED.

**B.    Credibility**

Plaintiff argues that the ALJ erred in finding her testimony only partially credible.

The Court notes that "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)).  However, the Sixth Circuit has explained:

> the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility."  Soc. Sec. Rul. 96–7p, 1996 WL 374186, at * 4.  Rather, such determinations must find support in the record.  Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record."  The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record.  Consistency of the various pieces of information contained in the record

2

should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007). As the Magistrate Judge explained in detail, the ALJ considered the entire case record. The ALJ found that Plaintiff's complaints of pain were inconsistent with the medial testing. (Tr. 16-17). There was also evidence in the record that nerve blocks, cervical and lumbar injections and physical therapy reduced Plaintiff's pain. The ALJ also considered Plaintiff's reported daily activities, which included caring for her young children. (Tr. 18-19). Finally, the ALJ considered Plaintiff's inconsistent statements regarding her drug and alcohol use. (Tr. 19). The ALJ properly relied on this inconsistent evidence to find that Plaintiff was only partially credible.

Therefore, Plaintiff's objections on this issue are OVERRULED.

### C. Combined effect of impairments

Plaintiff argues that the ALJ failed to consider the effect of the combination of her impairments on her ability to work.

The applicable regulations provide: "In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. However, the Sixth Circuit has explained that a list of symptoms, unattached to any creditable medical findings, cannot support a finding of disability. *Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 531 (6th Cir. 2006). The ALJ found that

3

Plaintiff's subjective complaints were not fully credible because they were not supported by the objective medial evidence.

Therefore, Plaintiff's objections on this issue are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's January 29, 2013 R&R (Doc. 13) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court